UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DASHAWN SMITH, *et al.*

      Plaintiffs,

                                        Civil Action 2:13-cv-0613

      v.                             Judge Michael H. Watson

                                        Magistrate Judge Elizabeth P. Deavers

SHERIFF ZACH SCOTT, *et al.,*

      Defendants.

## ORDER AND REPORT AND RECOMMENDATION

      For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** the claims of Plaintiffs Dashawn Smith, Clarence Dickerson, and Christopher Reed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute this action.   Further, the Court **DENIES WITHOUT PREJUDICE** Plaintiff Kenneth Marshall's non-prisoner Motion for Leave to Proceed *in forma pauperis*.   (ECF No. 15.)   Plaintiff Marshall is **ORDERED** to submit a complete application to proceed without prepayment of fees and a certified trust account statement from his current institution of incarceration **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**.

## I.

      On June 26, 2013, Plaintiff Dashawn Smith filed a Complaint and Motion for Leave to Proceed *in forma pauperis*.   (ECF No. 1.)   The request was not accompanied by an application for incarcerated person to proceed without prepayment of fees or a certified trust fund statement

from his prison's cashier.   On July 3, 2013, the Court directed Plaintiff Smith to submit the appropriate documentation to proceed *in forma pauperis*.   (ECF No. 3.)   The Court also informed Plaintiffs Clarence Dickerson, Christopher Reed, and Kenneth Marshall that they must also provide the required applications if they too wished to proceed without prepayment of fees.   (*Id.*) The Court cautioned all Plaintiffs that failure to comply would result in dismissal of their claims.

On July 16, 2013, Plaintiffs Smith, Reed, and Marshall filed Motions for Leave to Proceed *in forma pauperis*.   (ECF Nos. 6, 7, and 8.)   The requests included applications to proceed without prepayment of fees, but did not include copies of certified trust fund statements.   On July 17, 2013, the Court again notified Plaintiffs of the deficiency and directed them to provide certified trust fund statements from the prison's cashier.   (ECF No. 9.)   Because Plaintiffs indicated that the prison cashier refused to provide copies of the trust fund account statements, the Court attached the Certificate to be completed by the prison's cashier.   The Court also ordered Plaintiff Dickerson to complete an application to proceed *in forma pauperis* or to pay the filing fee.   The Court again notified Plaintiffs that failure to timely comply with the Court's Order would result in dismissal of their claims.

On September 10, 2013, Plaintiff Marshall notified the Court that his address had changed because he had been released from the Franklin County Correctional Center II.   (ECF No. 12.) The Court ordered Plaintiff Marshall to submit his portion of the filing fee or to file a non-prisoner application to proceed *in forma pauperis*.   (ECF No. 8.)   The Court again cautioned the incarcerated Plaintiffs that failure to provide the appropriate paperwork would result in dismissal of their claims.   Further, the Court cautioned Plaintiffs that it is their responsibility to obtain all the necessary documentation to support their filings.   (ECF No. 13.)

Plaintiff Marshall submitted a non-prisoner Motion for Leave to Proceed *in forma pauperis*

2

on October 9, 2013. (ECF No. 15.) On December 5, 2013, the Court received notice that Plaintiff Marshall's address had changed.[1] Plaintiff Marshall apparently has been re-incarcerated at the Corrections Reception Center at Orient. (ECF No. 18.) To date, none of the Plaintiffs have filed complete applications to proceed *in forma pauperis* together with certified trust fund statements. Nor have they paid the requisite filing fee.

## II.

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." *Link v. Walbash R. Co.*, 370 U.S. 626, 629-31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999).

Here, the Court cautioned Plaintiffs Smith, Reed, and Dickerson three times that failure to comply with its Orders would result in dismissal of this action for failure to prosecute pursuant to Rule 41(b). Thus, these putative Plaintiffs have clearly had notice of this potential result. *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is appropriate). Plaintiffs' failure to comply with these Orders of the Court, which established clear deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson,*

---

[1] Plaintiff Marshall's Motion for Change of Address and Excusable Delay is **DENIED AS MOOT** as the Clerk has already changed his address on the Court's Docket. (ECF No. 19.)

*Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Although Plaintiffs contend that they are unable to obtain their certified trust account statements from the prison's cashier, it is ultimately their responsibility to obtain those documents or to pay the filing fee. *See In re Prisoner Litigation Reform* Act, 105 F.3d 1131, 1132 (6th Cir. 1997) ("Payment of litigation expenses is the prisoner's responsibility").   This case has been pending since June 26, 2013.   The Court first notified Plaintiffs of the deficiency six months ago on July 3, 2013.   The Court has given Plaintiffs ample time and opportunity to provide account statements or to pay the filing fee.   Because Plaintiffs Smith, Reed, and Dickerson have missed deadlines and disregarded multiple Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

Finally, Plaintiff Marshall has at least minimally attempted to comply with the Court's Orders.   His October 9, 2013 non-prisoner Motion for Leave to Proceed *in forma pauperis*, however, is no longer sufficient because he is currently incarcerated at the Correctional Reception Center.   (ECF Nos. 15 and 18.)   Thus, Plaintiff Marshall's Motion is **DENIED WITHOUT PREJUDICE** to refilling a completed prisoner application and certified trust account statement **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**.   For ease of reference, the Court has attached as Exhibit A the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees, to be completed by Plaintiff Marshall and his current institution of incarceration.   In addition to filling out the Certificate, the institution should follow instructions on the Certificate, which require attachment of a certified copy of Plaintiff Marshall's prison trust fund account statement, showing at least the past six months' transactions. If the Court receives the necessary documents, it will conduct an initial screening of the Complaint

under 28 U.S.C. § 1915A as soon as practicable to determine whether or not any claims are subject to dismissal as frivolous, malicious, failing to state a claim, or because the Complaint seeks monetary relief from a Defendant who is immune from such relief.

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiffs Smith, Reed, and Dickerson's claims under Rule 41(b).   Further, Plaintiff Marshall's Motion for Leave to Appear *in forma pauperis* is **DENIED WITHOUT PREJUDICE** to refilling a completed prisoner application.   Plaintiff Marshall is **ORDERED** to submit a completed prisoner application to proceed *in forma pauperis*, including a certified trust account statement from the prison's cashier, **WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER**.   Plaintiff Marshall is again cautioned that failure to comply with this Order will result in dismissal of his claims.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.   *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation).   Even when timely objections are filed, appellate

review of issues not raised in those objections is waived.   *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the

issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

       **IT IS SO ORDERED**.


Date: January 3, 2014                                                    /s/ *Elizabeth A. Preston Deavers*
                                                  Elizabeth A. Preston Deavers
                                                  United States Magistrate Judge