**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DASHAWN SMITH,** *et al.*

    **Plaintiffs,**

                                                    **Civil Action 2:13-cv-0613**
   v.                                      **Judge Michael H. Watson**
                                                    **Magistrate Judge Elizabeth P. Deavers**

**SHERIFF ZACH SCOTT,** *et al.,*

    **Defendants.**

**REPORT AND RECOMMENDATION**

For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** the claims of Plaintiff Kenneth Marshall pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute this action.

**I.**

This action was filed six months ago, on June 26, 2013. (ECF No. 1). Since then, the Court has ordered Mr. Marshall to submit a completed application to proceed *in forma pauperis* or pay the entire filing fee four times. (*See* ECF Nos. 3, 9, 13, and 20.) In each instance, the Court informed Mr. Marshall that failure to comply with these Orders would result in dismissal of his claims. In response to the Court's July 3, 2013 Order, Mr. Marshall filed an application to proceed *in forma pauperis*, but did not provide a certified copy of his trust account statement. (ECF No. 6.) The Court notified Mr. Marshall of the deficiency on July 17, 2013. (ECF No. 9.) On September 10, 2013, Plaintiff Marshall notified the Court that his address had changed because

he had been released from the Franklin County Correctional Center II ("FCC II"), from which he had filed the Complaint.  (ECF No. 12.)  The Court then ordered Mr. Marshall to complete a non-prisoner application to proceed *in forma* pauperis.  (ECF No. 13.)  Mr. Marshall submitted a non-prisoner Motion for Leave to Proceed *in forma pauperis* on October 9, 2013.  (ECF No. 15.)  On December 5, 2013, the Court received notice that Plaintiff Marshall's address had again changed.  Mr. Marshall apparently has been re-incarcerated at the Corrections Reception Center at Orient.  (ECF No. 18.)  On January 3, 2014, the Court gave Mr. Marshall fourteen days to submit a completed prisoner application to proceed *in forma pauperis*, including a certified copy of his trust account statement.  (ECF No. 20.)  In response, Mr. Marshall filed a document he titled "Affidavit" on January 17, 2014.  (ECF No. 25.)  To date, Mr. Marshall has not filed an Application and Affidavit By Incarcerated Persons to Proceed Without Prepayment of Fees.  Nor has he filed a certified copy of his trust account statement from his current institution of incarceration.

## II.

The Undersigned **RECOMMENDS** that the Court dismiss Mr. Marshall's claims for failure to comply with the requirements set forth in 28 U.S.C. §§ 1914(a) and 1915(a)(2).  "When a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed *in forma pauperis* 'without prepayment of fees or security therefor' under 28 U.S.C. § 1915(a)(1)."  *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997) (citing 28 U.S.C. § 1915(a)(1)).  "Submission of an sufficient affidavit and a certified trust fund account in accordance with [§ 1915(a)(2)] are statutory requirements for proceeding *in forma pauperis*."  *McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *1 (E.D. Mich. May 16, 2013) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)

(overruled on other grounds)). The United States Court of Appeals for the Sixth Circuit describes the Court's responsibility when an inmate has failed to pay the filing fee or submit the required forms as follows:

> If an inmate not paying the full filing fee fails to provide an affidavit of indigency or trust account statement, the district court shall notify the prisoner of the deficiency and the prisoner shall have thirty (30) days from the date of the deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution. If the case is dismissed under these circumstances, it will not be reinstated to the district court's active docket despite the payment of filing fees.

*In re Prison Litig. Reform Act*, 105 F.3d at 1132.

This case has been pending since June 26, 2013. The Court notified Mr. Marshall of the deficiency on July 3, 2013, July 17, 2013, October 1, 2013, and January 3, 2014. (*See* ECF Nos. 3, 9, 13, and 20.) In each Order, the Court clearly stated the documentation required in order for Mr. Marshall to proceed *in forma pauperis* and cautioned Mr. Marshall that failure to comply with its Orders would result in dismissal of this action for failure to prosecute. *See Erby v. Kula*, 113 Fed. App'x 74, 76 (6th Cir. 2004) (concluding that the district court did not abuse its discretion in dismissing a complaint under § 1915(a) where the deficiency order "clearly stated the documentation that must be submitted in order to apply to proceed *in forma pauperis*" and "expressly warned [plaintiff] that failure to comply with the order would result in the dismissal of his case for want of prosecution."). Although Mr. Marshall has previously contended that he was unable to obtain his certified trust account statements from the prison's cashier, it is ultimately his responsibility to obtain those documents or to pay the filing fee. *See In re Prisoner Litig. Reform Act*, 105 F.3d at 1132 ("Payment of litigation expenses is the prisoner's responsibility").

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff Kenneth Marshall's

claims under 28 U.S.C. §§ 1914 and 1915(a)(2).[1]

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the

---

[1] Moreover, even if Mr. Marshall had filed the appropriate paperwork, his claims would not survive an initial screen under 28 U.S.C. § 1915(e)(2). Mr. Marshall's release from FCC II and re-incarceration at the Corrections Reception Center at Orient renders his claims for injunctive relief moot. *See Nunez v. FCI Elkton*, 32 Fed. App'x 724, 726 (6th Cir. 2002) (concluding that a conditions of confinement claim for injunctive relief is moot upon the inmate's transfer to another institution). As best the Court can discern, Plaintiff's Complaint, which was drafted by another then-inmate seeking class certification for pre-trial detainees, sought injunctive relief against dozens of putative Defendants.

issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED**.


Date: January 29, 2014                           /s/ *Elizabeth A. Preston Deavers*
                                                          Elizabeth A. Preston Deavers
                                                          United States Magistrate Judge