UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DASHAWN SMITH, *et al.*,

    **Plaintiffs,**

                                  Civil Action 2:13-cv-0613
    v.                                               Judge Algenon L. Marbley
                                  Magistrate Judge E.A. Preston Deavers

**SHERIFF ZACH SCOTT,** *et al.,*

    **Defendants.**

## OPINION AND ORDER

Plaintiffs, Dashawn Smith, Christopher Reed, Clarence Dickerson, and Kenneth Marshall, state inmates who are proceeding without the assistance of counsel, bring this civil rights action under 42 U.S.C. § 1983 against Defendants,[1] seeking monetary and injunctive relief.  This matter is before the Court for consideration of Kenneth Marshall's January 10, 2014 Objections (ECF No. 23) to the United States Magistrate Judge's January 3, 2014 Report and Recommendation  (ECF No. 20) recommending that the Court dismiss Plaintiffs Smith, Reed, and Dickerson for failure to prosecute and his February 11, 2014 and February 12, 2014 Objections (ECF Nos. 32, 33, and 34) to the United States Magistrate Judge's January 29, 2014 Report and Recommendation (ECF No. 30) recommending that the Court dismiss Mr. Marshall for failure to prosecute.  This matter is further before the Court for consideration of Plaintiffs' Motions to Amend Complaint (ECF Nos. 2 and 5), to Proceed *in forma pauperis* (ECF Nos. 1,

---

[1]Plaintiffs name the following Defendants in their Complaint: Sheriff Zach Scott, Franklin county Ohio, Majors and Deputies, Penny Perry, County Comissioners, John O'Grady, Paula Brooks, Marilyn Brown, William J. Flaherty, Maxim Medical Provider and/or Subcontractor, and unnamed Doctors and Nurses at Franklin County Jail.  (ECF No.  1-1.)

6, 7, 8, and 35[1]), to Clarify (ECF No 10), and to Certify Class (ECF No. 14). For the reasons stated below, the Court **OVERRULES** Mr. Marshall's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendations and **DENIES AS MOOT** Plaintiffs' Motions to Amend Complaint, to Proceed *in forma pauperis*, to Clarify, and to Certify Class. Accordingly, the Court **DISMISSES** this action for Plaintiffs' failure to prosecute under 28 U.S.C. §§ 1914(a) and 1915(a)(2).

## I. BACKGROUND

In the instant action, Plaintiffs did not pay the required filing fee or submit complete applications to proceed *in forma pauperis* within the time required by the Court. Mr. Dickerson has failed to provide an affidavit of indigency. Mr. Smith and Mr. Reed have failed to provide certified trust fund account statements. Mr. Marshall submitted a complete application on February 14, 2014, well after the deadline imposed by the Court. The Magistrate Judge set forth the filing fee requirements under 28 U.S.C. §§ 1915(a)(1) and (2) as follows:

> "When a prisoner files a complaint in the district court, the inmate must either pay the entire filing fee, or request leave to proceed *in forma pauperis* 'without prepayment of fees or security therefor' under 28 U.S.C. § 1915(a)(1)." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131 (6th Cir. 1997) (citing 28 U.S.C. § 1915(a)(1)). "Submission of an sufficient affidavit and a certified trust fund account in accordance with [§ 1915(a)(2)] are statutory requirements for proceeding *in forma pauperis.*" *McCullough v. Fed. Bureau of Prisons*, No. 13-10282, 2013 WL 2147001, at *1 (E.D. Mich. May 16, 2013) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (overruled on other grounds)).

(Report and Recommendation 2-3, ECF No. 30.) The Magistrate Judge then set out the Court's responsibility under 28 U.S. C. U.S.C. §§ 1914(a) and 1915(a)(2) as follows:

> "If an inmate not paying the full filing fee fails to provide an affidavit of indigency or trust account statement, the district court shall notify the prisoner of the deficiency and the prisoner shall have thirty (30) days from the date of the

---

[1] On February 14, 2014, Plaintiff filed another Motion for Leave to Proceed *in forma pauperis* and submitted a certified trust fund account statement.

deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution. If the case is dismissed under these circumstances, it will not be reinstated to the district court's active docket despite the payment of filing fees."

(*Id.*)  (quoting  *In re Prison Litig. Reform Act*, 105 F.3d at 1132).

### A.    January 3, 2014 Report and Recommendation

In her January 3, 2014 Report and Recommendation, the Magistrate Judge recommended that the Court dismiss Plaintiffs Smith, Reed, and Dickerson for failure to prosecute.  The Magistrate Judge noted that these Plaintiffs repeatedly disregarded Court Orders by failing to provide complete applications to proceed *in forma pauperis*, including certified trust fund account statements.  Since Plaintiff Dashawn Smith filed the Complaint on June 26, 2013, the Court has ordered Plaintiffs to provide complete applications to proceed *in forma pauperis* three times; first on July 3, 2013 (ECF No.  3), next on July 17, 2013 (ECF No.  9), and again on October 1, 2013 (ECF No.  13).   Each time, the Court cautioned Plaintiffs that failure to comply with the Orders could result in dismissal of their claims.  To date, Plaintiffs Smith, Reed, and Dickerson have not submitted completed applications to proceed *in forma pauperis*.  Nor did Plaintiffs Smith, Reed, or Dickerson object to the Magistrate Judge's Report and Recommendation.

### B.    Mr.  Marshall's Objections to the January 3, 2014 Report and Recommendation

In Plaintiff Marshall's first set of Objections, he does not object to the Magistrate Judge's characterization of the applicable law or analysis.  He instead argues that the various institutions are continuing to refuse to provide certified trust account statements.   He asserts that the Magistrate Judge intentionally ignored Plaintiffs' requests and delayed her ruling.  Further, he

3

argues that the Plaintiffs have properly pleaded that they are in "imminent danger." (Marshall Obj. 6, ECF No. 23.) As best as the Court can discern, Mr. Marshall is asserting that the Court is required to provide Plaintiffs who have pleaded imminent danger with relief, despite their failure to pay the requisite filing fees or to properly move for leave to proceed *in forma pauperis*.

**C.      January 29, 2014 Report and Recommendation**

In her January 29, 2014 Report and Recommendation, the Magistrate Judge recommended that the Court dismiss Mr. Marshall's claims for failure to prosecute. As the Magistrate Judge explained, like the other Plaintiffs, Mr. Marshall also failed to provide a completed prisoner application to proceed *in forma pauperis*. During the course of the litigation, however, Mr. Marshall was released from the Franklin County Correctional Center II ("FCC II") and re-incarcerated at the Corrections Reception Center at Orient. Although he filed a non-prisoner application to proceed *in forma pauperis* during his brief release from prison, his re-incarceration necessitated that he file a prisoner application, including a certified trust account statement. The Court ordered Mr. Marshall to provide the trust account on July 3, 2013, July 17, 2013, and October 1, 2013. In its January 3, 2014 Report and Recommendation, the Court gave Mr. Marshall an additional fourteen days to provide a completed application. As a courtesy, the Court noted that it would provide a copy of the application to Mr. Marshall. This application, however, was inadvertently not mailed until January 13, 2014. Mr. Marshall failed to provide a certified trust account from the Corrections Reception Center until February 14, 2014, well after the previous Orders directing him to do so and the Magistrate Judge's Report and Recommendation.

**D.     Mr. Marshall's Objections to the January 29, 2014 Report and Recommendation**

In Plaintiff Marshall's second set of Objections, he first argues that he did not receive the Court's Non-Prisoner Application to Proceed Without Prepayment of Fees until January 26, 2014. (ECF No. 32.) He then goes on to reiterate various claims in the Plaintiffs' Initial and Amended Complaints. (ECF No. 33.) Finally, Mr. Marshall corrects the citation to a case he previously cited incorrectly. (ECF No. 34.)

## II.     STANDARDS

**A.     Review of the Report and Recommendation**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     Failure to prosecute under 28 U.S.C. §§ 1914(a) and 1915(a)(2)**

In the instant case, the Magistrate Judge recommended that Plaintiffs' claims be dismissed for failure to comply with the requirements set forth in 28 U.S.C. §§ 1914(a) and 1915(a)(2). As set out previously, the United States Court of Appeals for the Sixth Circuit requires a district court to dismiss a case for want of prosecution if, after being notified by the court, an inmate fails to pay the full filing fee or provide an affidavit of indigency and trust account statement. *In re Prison Litig. Reform Act.*, 105 F.3d at 1132.

## III. ANALYSIS

### A. Plaintiffs Smith, Reed, and Dickerson

In his Objections, Mr. Marshall does not challenge the Magistrate Judge's analysis or conclusions with regard to Plaintiffs Smith, Reed, and Dickerson, nor could he on behalf of the others. Plaintiffs Smith, Reed, and Dickerson did not submit separate Objections themselves. Nor did they file completed applications to proceed *in forma pauperis*. The Court therefore **ADOPTS** the Magistrate Judge's analysis and conclusions and **DISMISSES** the claims of Plaintiffs Smith, Reed, and Dickerson.

### B. Plaintiff Marshall

Plaintiff Marshall's remaining objections are not well taken. First, he asserts that he was unable to provide the required trust account information because the Magistrate Judge did not provide him with the Application and Affidavit By Incarcerated Persons to Proceed without Prepayment of Fees until January 26, 2014. It is Mr. Marshall's responsibility, however, to provide the appropriate documentation to the Court to proceed *in forma pauperis* or to pay the filing fee. *In re Prisoner Litig. Reform Act*, 105 F.3d at 1132 ("Payment of litigation expenses is the prisoner's responsibility."). The Magistrate Judge was under no obligation to direct the Clerk to provide the documents and did so only as a courtesy. These documents are widely available to all inmates at their facilities.

Second, Mr. Marshall argues that the Magistrate Judge's Report and Recommendation should be overruled because he and his fellow Plaintiffs properly pleaded that they were in "imminent danger." (Marshall Obj. 6, ECF No. 23.) To support this position, he cites to *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). Mr. Marshall's reliance on *Vandiver*, however, is misplaced. There, the Sixth Circuit addressed "imminent

danger" as an exception to the "three-strikes" rule under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g). *Vandiver*, 727 F. 3d at 585 (holding that the imminent-danger exception is a pleading requirement "'subject to the ordinary principles of notice pleading.'") (citing *Vandiver v. Vasbinder*, 416 Fed. App'x 560, 562 (6th Cir. 2012)). The Court of Appeals did not, as Mr. Marshall seems to suggest, announce a new pleading standard with respect to inmates alleging imminent danger in complaints that are not subject to the three-strikes rule. *Id.* Moreover, nothing in *Vandiver* changed any of the requirements in 28 U.S.C. §§ 1914(a) and 1915(a)(2). The fact that Mr. Marshall alleges "imminent danger" is not sufficient to overcome his failure to comply with §§ 1914(a) and 1915(a)(2). Nor does it negate his failure to comply with multiple Court Orders.

Finally, as summarized by the Magistrate Judge in her January 29, 2014 Report and Recommendation, the Court has ordered Mr. Marshall "to submit a completed application to proceed *in forma pauperis* or pay the entire filing fee four times" during the course of this litigation. (Report and Recommendation 1, ECF No. 30.) Mr. Marshall's Motion for Leave to Proceed *in forma pauperis*, which the Court received on February 14, 2014, cannot make up for his dilatory actions throughout this case.[2]

This case has been pending since June 26, 2013. The Court has provided Mr. Marshall ample time to pay the requisite filing fee or to provide complete documentation to proceed *in*

---

[2] Moreover, as noted by the Magistrate Judge, Mr. Marshall's claims would not survive an initial screen under 28 U.S.C. § 1915(e)(2). His release from FCC II and re-incarceration at the Corrections Reception Center at Orient render his claims for injunctive relief moot. *Nunez v. FCI Elkton*, 32 Fed. App'x 724, 726 (6th Cir. 2002) (concluding that a conditions of confinement claim for injunctive relief is moot upon the inmate's transfer to another institution). The remaining claims in the Complaint and the various Amended Complaints contain very little information as to Mr. Marshall's particular claims. Instead, Mr. Marshall provides a rambling narrative on pretrial detainee conditions at FCC II, an institution in which he is no longer incarcerated.

*forma pauperis*. The Court therefore **OVERRULES** Mr. Marshall's Objections and **ADOPTS** the Magistrate Judge's analysis and conclusions in the January 29, 2014 Report and Recommendation.

**C.     Remaining Motions**

The Court's determination that Plaintiffs' claims should be dismissed for failure to prosecute renders the pending Motions to Amend Complaint (ECF Nos. 2 and 5), to Clarify (ECF No. 10), and to Certify Class (ECF No. 14) moot. This determination also renders Plaintiffs' incomplete Motions to Proceed *in forma pauperis* moot. (ECF Nos. 1, 6, 7, 8, and 35.)

### IV.     DISPOSITION

The Court therefore **OVERRULES** Plaintiff's Objections (ECF Nos. 20, 32, 33, and 34) and **ADOPTS** the Magistrate Judge's Reports and Recommendations (ECF Nos. 20 and 30). In addition, the Court **DENIES AS MOOT** Plaintiffs' Motions to Amend Complaint (ECF Nos. 2 and 5), to Clarify (ECF No. 10), to Certify Class (ECF No. 14), and to Proceed *in forma pauperis* (ECF Nos. 1, 6, 7, 8, and 35). Accordingly, the Court **DISMISSES** this action for failure to prosecute under 28 U.S.C. §§ 1914(a) and 1915(a)(2).

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**DATED: March 7, 2014**